**Henny GUNAWAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–71861.**

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2005.[*]

Decided July 27, 2005.

William Vela, Esq., San Rafael, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Esq., Francis W. Fraser, Esq., Robbin K. Blaya, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Henny Gunawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA) order denying her application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and we grant the petition.

The BIA's determination that an individual is ineligible for asylum is reviewed for substantial evidence. *See Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). Where the BIA expressly affirms the Immigration Judge's (IJ) decision for the reasons set out by the IJ, we review the IJ's decision. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995).

Because Gunawan did not experience past persecution, her eligibility for asylum rested upon a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). A well-founded fear must be "both subjectively genuine and objectively reasonable." *Mgoian v. INS,* 184 F.3d 1029, 1035 (9th Cir.1999). The IJ determined that Gunawan had met the subjective prong of the well-founded fear requirement by testifying credibly that she feared returning to Indonesia. *See Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004). However, the IJ determined that Gunawan had not presented substantial evidence supporting the objective component of a well-founded fear of future persecution.

Typically a petitioner must demonstrate that she is subject to an individualized risk of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). However, where a petitioner demonstrates that he or she is a member of a disfavored group, "the greater the risk to all members of the group—the less evidence of individualized persecution must be adduced." *Kotasz v. INS,* 31 F.3d 847, 853 (9th Cir.1994). We have previously held that ethnic Chinese citizens in Indonesia are a disfavored group subject to an increased risk of persecution. *See Sael,* 386 F.3d at 927; *Lolong v. Gonzales,* 400 F.3d 1215, 1220 (9th Cir.2005). We have also held that a petitioner who is the member of two additional subgroups because she is a woman and a Christian is at an even higher degree of risk. *See Lolong,* 400 F.3d at 1222.

Gunawan is an ethnic Chinese citizen of Indonesia and a Christian woman and as a result is a member of a disfavored group at particularized risk of persecution. Gunawan presented evidence that she and her sisters had been harassed in Indonesia and that her father's store was set on fire in the 1998 anti-Chinese riots. Gunawan has therefore presented evidence that compels a finding of a well-founded fear of future persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

We grant the petition and remand to the BIA so that the Attorney General may exercise his discretion as to whether to grant petitioner asylum.

**PETITION FOR REVIEW GRANTED; REMANDED.**

**In re: Laurence A. NEUTON, Debtor,**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although Gunawan also originally sought protection under the Convention Against Torture, she did not raise this argument in her appeal. Accordingly, it is waived.